1
2
3
4
5                           UNITED STATES DISTRICT COURT

6                          EASTERN DISTRICT OF WASHINGTON

7    LINDA ALEXANDER and LIVE
     VICTORIOUSLY MINISTRIES,              NO. 4:22-CV-5110-TOR
8
                         Plaintiffs,        ORDER GRANTING DEFENDANT'S
9                                           MOTION TO DISMISS

10        v.

11   CITY OF RICHLAND, a municipal
     organization,
12
                         Defendant.
13

14        BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 4).

15   This matter was submitted for consideration without oral argument.  Plaintiffs have

16   not filed any pleading contesting the motion to dismiss.  The Court has reviewed

17   the record and files herein and is fully informed.  For the reasons discussed below,

18   Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED**.

19

20

     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

# BACKGROUND

On September 2, 2022, Plaintiffs filed a document captioned

"COMPLAINT" alleging that a "Destructive Fire of Ministry property: July 2,

2020", occurred and reciting the following facts:

> Have a FOIA request (December 7, 2021---City received
> December 14, 20211) have yet to receive names of employees
> working at the time of the fire on July 2, 2020 (anywhere in
> the city)---one of the factors necessary for subpoenas for jury
> trial.  Acquitting perpetrator rapist/would-be murderer; while
> denying crime victim citizen due process rights.  U. S.
> Constitution Fourteenth Amendment violation: 42 U. S. Code
> § 1983 civil action for Deprivation of Rights, section 242; 42
> U. S. Code § 1983 civil action for Conspiracy Against Rights,
> and Americans with Disabilities Act Violations

ECF No. 1 at 3.  Accompanying this Complaint is a 42 page "Opening Brief for

Federal Court."  ECF No. 1-1.  Plaintiff claims the "denial of police services to this

disabled person" is a civil rights violation and she is "yet again a crime victim of a

fire that damaged Ministry property. . ."  ECF No. 1-1 at 41.  Plaintiff claims the

City of Richland needs "to be held liable for fire damage and putative (sic)

damages, in addition to defamation of my character, and the ministry."  *Id*.

Plaintiff then claims that her "son and I need to receive double the amount of

monetary compensation" as was received by the perpetrator who raped and

attempted to kill her.  *Id*. at 42.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

On October 4, 2022, the City of Richland filed a Motion to Dismiss for failure to State a Claim.  ECF No. 4.  Plaintiffs have filed no response, timely or otherwise.

## DISCUSSION

### I.    Failure to State a Claim

A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements."  *Twombly*, 550 U.S. at 555.  While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678**.**

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice."  *Metzler Inv. GMBH v. Corinthian*

1   *Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor*

2   *Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  A complaint must contain "a

3   short and plain statement of the claim showing that the pleader is entitled to relief."

4   Fed. R. Civ. P. 8(a)(2).  A plaintiff's "allegations of material fact are taken as true

5   and construed in the light most favorable to the plaintiff[,]" however "conclusory

6   allegations of law and unwarranted inferences are insufficient to defeat a motion to

7   dismiss for failure to state a claim."  *In re Stac Elecs. Sec. Litig*., 89 F.3d 1399,

8   1403 (9th Cir. 1996) (citation and brackets omitted).

9          In assessing whether Rule 8(a)(2) has been satisfied, a court must first

10  identify the elements of the plaintiff's claim(s) and then determine whether those

11  elements could be proven on the facts pled.  The court may disregard allegations

12  that are contradicted by matters properly subject to judicial notice or by exhibit.

13  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court

14  may also disregard conclusory allegations and arguments which are not supported

15  by reasonable deductions and inferences.  *Id*.

16         The Court "does not require detailed factual allegations, but it demands

17  more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*,

18  556 U.S. at 662.  "To survive a motion to dismiss, a complaint must contain

19  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

20  on its face.'"  *Id.* at 678 (citation omitted).  A claim may be dismissed only if "it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, 250 F.3d at 732.

Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (emphasis and brackets in the original), *abrogated in part on other grounds*, *Farmer v. Brennan*, 511 U.S. 825 (1994); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead.  *Id.*  To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiffs have not done so.

Plaintiffs allege generally that Plaintiff Alexander has multiple disabilities, that she was previously the victim of a violent crime, that she was denied police services, that she is a crime victim of a fire that damaged Ministry property, that the City of Richland needs to be held liable for the fire damage in addition to defamation of my character, and the ministry.   Plaintiff Alexander seeks damages for her son, but her son is not a party to this lawsuit.

Plaintiffs' Complaint and attached brief fail to state a claim, fail to establish how Plaintiffs are entitled to legal relief, or how this particular Defendant is liable to Plaintiffs.

## II.    Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted).  Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

Cir. 2000) (en banc); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc).

Plaintiff previously brought suit against the City of Richland, but also failed to state a plausible claim. United States District Court for the Eastern District of Washington, case number 4:19-CV-5263-TOR.

Here, it is absolutely clear that there is no cognizable federal claim and any amendment would be futile. Thus, the Court finds that it would be futile to give Plaintiffs an opportunity to amend.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED**. This case is **DISMISSED** without prejudice. Each party to bear its own costs and expenses.

The District Court Executive is directed to enter this Order, enter Judgment accordingly, furnish copies to the parties, and **close** the file.

DATED November 14, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7